IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rural Arizona Maintenance Specialists LLC,<br>    Plaintiff/Counterdefendant,<br>v.<br>American Bonanza Gold Corporation, et al.,<br>    Defendants/Counterclaimants. | No. CV-13-02355-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is an Ex Parte Motion to Withdraw with Consent (Doc. 115). For the following reasons the motion is deferred until fourteen days from the date of this order or sooner, if replacement counsel is obtained, for the following reasons.

      Granting the motion when there is no replacement attorney designated to represent the Defendants in the lawsuit would expose the Defendants to an immediate motion for entry of default. As opposed to an instance in which individual defendants are parties, a corporation cannot represent itself. Only licensed attorneys may represent a corporation in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and citation omitted); *In re Am. W. Airlines*, 40

F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").

Corporate officers, employees, or other representatives cannot make an end run around the counsel requirement by seeking to represent a corporation in their capacity as corporate officers, shareholders or directors. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation) (citing 28 U.S.C. 1654). Thus the Corporate Secretary's assurance submitted with the motion to withdraw that she "will obtain other counsel if needed in all further proceedings in this matter," is insufficient to maintain the Defendants appearance in this Court.

Second, the Motion was not brought until well after the final pretrial conference was scheduled. Important tasks must be accomplished prior to the final pretrial conference, and must be completed in a timely manner. Trials are scheduled as closely as possible to the final pretrial conference and so, the immediate pendency of such a conference demonstrates that this case has significantly advanced—which it has. The final pretrial conference remains scheduled and defense counsel, to the extent possible consistent with their ethical responsibilities, will pursue the timely completion of their responsibilities to their client and the Court in conjunction with the final pretrial conference.

Nevertheless, if Defendants have not obtained replacement counsel willing and able to accept the case with its current deadlines within fourteen days, the Court will reconsider the motion, despite the possible default that would result. Such a period will enable Defendants to seek to obtain replacement counsel. The Court will take up an earlier request to reconsider the motion, of course, if replacement counsel has been obtained.

/ / /

/ / /

1 **IT IS HEREBY ORDERED** directing Defendants/Counterclaimants to retain counsel on or before **November 27, 2015** and deferring ruling on the pending Motion to Withdraw (Doc. 115).

Dated this 13th day of November, 2015.

_____
Honorable G. Murray Snow
United States District Judge